U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

**FILED**

NOV 2 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

October 31, 2006

Dominic Vorv, Esquire
1717 K Street, N.W., #505
Washington, D.C. 20006

Re:  United States of America v. Kenneth Earl Henry
           1:06-cr-299-RJL

Dear Mr. Vorv:

     This letter sets forth the full and complete plea offer to
your client, Kenneth Earl Henry, from the Criminal Division of
the Office of the United States Attorney for the District of
Columbia (hereinafter also referred to as "the Government" or
"this Office").  This plea offer will expire on November 22, 2006.
If your client accepts the terms and conditions of this offer,
please have your client execute this document in the space
provided below.  Upon receipt of the executed document, this
letter will become the Plea Agreement.  The terms of the offer
are as follows:

### Charges and Statutory Penalties

     Your client agrees to plead guilty to the first count of
the indictment in 1:06-cr-299-RJL, in which he is charged with
illegal re-entry after deportation following conviction for an
aggravated felony, in violation of 8 U.S.C. § 1326.  Your client
also agrees and acknowledges that he has violated the terms of
his probation in case number 1:00-cr-424-JR, and that immediate
revocation of his probation in that case is appropriate.

     Your client understands that pursuant to 8 U.S.C. § 1326,
and 18 U.S.C. §§ 3559 and 3583, the charge of illegal re-entry
after deportation, following conviction for an aggravated felony,
carries a maximum sentence of 20 years of imprisonment, and a
three-year term of supervised release, and that pursuant to 18
U.S.C. §§ 3013 and 3571, a maximum fine of $250,000, or twice the
pecuniary gain or loss caused by the offense, whichever is
greatest, along with a $100 special assessment.  Your client also
understands that, with respect to case number 1:00-cr-424-JR,

upon revocation of probation, pursuant to 18 U.S.C. §§ 3559, 3565, and 3583, and 21 U.S.C. § 841, he faces a maximum sentence of life in prison, and a five-year term of supervised release, and that pursuant to the authorities cited above, a maximum fine and a special assessment as described above. Your client further understands that the sentences in the two cases may be required to run consecutively and that there is an obligation, in both cases, to pay interest and penalties on fines and assessments not timely paid.

In consideration of your client's guilty plea and agreement to revocation, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense, including for any new narcotics charges related to the circumstances of his arrest. However, with respect to case number 1:00-cr-424-RL, the government reserves the right to bring to the attention of the Court, for purposes of revoking your client's probation and re-sentencing, all relevant facts, including the circumstances of his recent arrest. In addition, the government will dismiss the remaining count of the indictment in case number 1:06-cr-299-RJL, at sentencing. Your client agrees that with respect to the count to be dismissed, your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. No. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

## Factual Stipulations

Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

## Sentencing Guidelines Stipulations

Your client understands that the sentences in these cases will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual, 2006 ed., as amended to March 27, 2006 (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentences, the parties stipulate to the following:

## 1. Classification of Probation Violation

With respect to case number 1:00-cr-424-JR, and pursuant to U.S.S.G. § 7B1.1, the defendant's conduct constitutes a "Grade B" violation of the conditions of his probation in that case.

## 2. Base Offense Level and Specific Offense Characteristic for Offense of Unlawfully Re-Entering the United States

With respect to case number 1:06-cr-299-RJL, the parties agree that U.S.S.G. § 2L1.2 applies to the offense, and that pursuant to that provision, the defendant's base offense level is 8 and that a 12-level increase is appropriate based on the specific offense characteristic of the defendant having been previously deported after a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less.

### Acceptance of Responsibility: 3-point reduction

With respect to case number 1:06-cr-299, assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(b), because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

### Guideline Departures

The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the applicable Guidelines ranges is warranted. Accordingly, neither party will seek such a departure. Nor will either party suggest that the Court consider such a departure.

### Agreement as to Sentencing Allocution

The parties further agree that sentences within the applicable ranges established by the Sentencing Guidelines, if determined in accordance with the parties' stipulations in this Agreement, would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a). In addition, neither party will seek sentences outside of the applicable Sentencing Guidelines ranges or suggest that the Court consider a sentence outside of those ranges. Nothing in this Agreement

limits the right of the parties to make any arguments regarding
where within the applicable Sentencing Guidelines ranges the
defendant should be sentenced.

### Court Not Bound by the Plea Agreement

It is understood that pursuant to Federal Rules of Criminal
Procedure 11(c)(1)(B) and 11(c)(3)(B), the Court is not bound by
the above stipulations, either as to questions of fact or as to
the parties' determination of the applicable Sentencing
Guidelines ranges, or other sentencing issues.  In the event that
the Court considers any Sentencing Guidelines adjustments,
departures, or calculations different from any stipulations
contained in this Agreement, or contemplates sentences outside
the Sentencing Guidelines ranges based upon the general
sentencing factors listed 18 U.S.C. § 3553(a), the parties
reserve the right to answer any related inquiries from the Court.

### Court Not Bound by the Non-Mandatory Sentencing Guidelines

It is understood that the sentence to be imposed upon your
client is determined solely by the Court. It is understood that
the Sentencing Guidelines are not binding on the Court.  Your
client acknowledges that your client's entry of a guilty plea in
case number 1:06-cr-299-RJL, and agreement as to revocation in
case number 1:00-cr-424-JR, authorize the Court to impose any
sentences up to and including the statutory maximum sentences,
which may be greater than the applicable Sentencing Guidelines
ranges.  The Government cannot, and does not, make any promise or
representation as to what sentence your client will receive.
Moreover, it is understood that your client will have no right to
withdraw his plea of guilty or agreement as to revocation should
the Court impose sentences outside the Sentencing Guidelines
ranges.

### Deportation

Your client  agrees that the Court may enter a stipulated
judicial order of removal, pursuant to 8 U.S.C. § 1228(c), and
agrees to execute those documents necessary to implement your
client's removal.  Your client specifically waives the right to
notice and a hearing under the Immigration and Nationality Act
and stipulates to the entry of a judicial order of removal from
the United States as a condition of the Plea Agreement and as a
condition of probation or supervised release. Your client
further understands and agrees that the filing of any
applications for relief from removal, deportation, or exclusion,
either written or oral, or the prosecution of any pending
applications, before any federal court, the Board of Immigration
Appeals, an immigration judge, or U.S. Immigration and Customs
Enforcement shall breach this Plea Agreement.

**Interpreter**

Your client agrees that if an interpreter is required to assist your client in translating this Plea Agreement into your client's native language, then your client agrees to request the Court, pursuant to 28 U.S.C. § 1827, "The Court Interpreter's Act," to secure the services of a certified interpreter at Court expense to verbally translate the Plea Agreement and related documents for the your client into your client's native language. If no such request is made, then your client hereby declares that your client understands the English language sufficiently well to read and understand this Plea Agreement.

**Release/Detention**

Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case. move to change your client's conditions of release.

**Breach of Agreement**

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea or his agreement as to revocation of probation; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

## Waiver of Statute of Limitations

It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

## Waiver of Right to DNA Testing

By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

## Complete Agreement

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such

agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely,

JEFFREY A. TAYLOR
United States Attorney

By: _____

Michael C. Liebman
Assistant United States Attorney
(202) 353-2385

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Dominic Vorv, Esquire.  I fully understand this Agreement and agree to it without reservation.  I do this voluntarily and of my own free will, intending to be legally bound.  No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully.  I am pleading guilty and agreeing to revocation because I am in fact guilty of the offense identified in this Agreement and have in fact violated the conditions of my probation.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement.  I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: __11/2/06__                    _____
                                     Kenneth E. Henry
                                     Defendant


## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully.  These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: __11/2/06__                    _____
                                     Dominic Vorv, Esquire
                                     Attorney for defendant
                                     Kenneth E. Henry

## Statement of Offense and Factual Proffer for
## U.S. v. Kenneth E. Henry, 1:06-cr-299-RJL

On or about June 2, 1983, defendant Kenneth E. Henry, a native and citizen of Jamaica, was admitted into the United States as a lawful permanent resident.

On March 4, 2002, defendant Henry was sentenced in case number 1:00-cr-424-JR, in U.S. District Court for the District of Columbia, for unlawful distribution of 50 grams or more of cocaine base, an offense which constitutes an aggravated felony under the Immigration and Nationality Act.

On or about March 22, 2002, in Arlington, Virginia, defendant Henry was ordered removed from the United States by an Immigration Judge.

On or about May 24, 2002, defendant Henry was officially warned that he could not re-enter the United States without the express consent of the Attorney General of the United States, and was placed on an American Airlines flight from the United States to Jamaica.

On July 14, 2006, defendant Henry was located by members of the U.S. Marshal's Capital Area Task Force at 1442 Somerset Place, N.W., Washington, D.C.

Defendant Henry had not obtained the express consent of the Attorney General to re-enter the United States.

<u>Defendant's Acceptance of Statement of Offense and Factual Proffer</u>

I have read this Statement of Offense and Factual Proffer and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this and all matters relating to it. I fully understand this Statement of Offense and Factual Proffer and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Statement of Offense and Factual Proffer fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those in the plea agreement filed in connection with this case.

11/2/06
date

_Kenneth Henry_
Kenneth E. Henry
defendant


<u>Defense Counsel's Acknowledgement</u>

I am the attorney for defendant Kenneth E. Henry. I have reviewed every part of this Statement of Offense and Factual Proffer with him. It accurately and completely sets forth the Statement of Offense and Factual Proffer agreed to by the defendant and the government.

11/2/06
date

_DW_
Dominic Vorv, Esquire
Attorney for Defendant Kenneth E. Henry

2