UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | No. 06-CR-299-JR |
| ) | |
| KENNETH E. HENRY, ) | |
| ) | |
| Defendant. ) | |

Government's Memorandum in Aid of Sentencing

The United States of America, by and through the United States Attorney for the District of Columbia, hereby submits this memorandum in aid of sentencing in the above matter.

Background

Defendant Kenneth E. Henry was born in Kingston, Jamaica on August 20, 1973. He has never been a U.S. citizen, but legally entered the United States in 1983.

On February 24, 2001, defendant Henry pleaded guilty, pursuant to a plea agreement, to count two of a four-count indictment in case number 00-cr-424, in which count he was charged with distribution of 50 grams or more of cocaine base, also known as crack, occurring on or about September 6, 2000. At the time of the offense, defendant Henry was on probation for a July 14, 2000, Superior Court conviction for possession of an unregistered firearm and unlawful possession of ammunition.

On March 4, 2002, he was sentenced by this Court to five years of probation for that offense, and the remaining three counts were dismissed on the government's motion. On motion of

the government, the defendant avoided being sentenced to the generally applicable mandatory minimum prison term of 10 years. One of the special conditions of his probation was that the defendant, if deported, not re-enter the United States illegally. Other special conditions included that he not use or possess illegal drugs, or frequent any place where illegal drugs are used.

On May 24, 2002, two months after having been ordered removed from the United States by an immigration judge, the defendant was placed on an American Airlines flight from Miami to his native Jamaica.

On November 12, 2003, one James Earl Wise submitted a written application for a D.C. motor vehicle driver's license. On the application, which was signed under penalty of perjury by "James Wise," the applicant checked the box indicating he was a U.S. citizen and wrote that his date of birth was August 20, 1973. The application indicated that James Wise's social security number was ■■■■■■■. Defendant Henry has a social security number of ■■■■■■■.

On August 8, 2005, a criminal complaint was sworn out against the defendant in Culpepper, Virginia, charging him with

the unlawful wounding, on August 7, 2005, of a woman with whom the defendant has children.[1]

On July 14, 2006, deputy U.S. Marshals and special agents of the Bureau of Immigration and Customs Enforcement took defendant Henry into custody inside 1442 Somerset Place, N.W., apartment 203, Washington, D.C.  The defendant was alone in the apartment. Inside a closet in the apartment was a duffle bag and a trash bag containing a total of 1.256 kilograms of marijuana.  In addition, a total of $8935 in U.S. currency was seized from inside a dresser drawer and from inside a coat found inside a second closet.

At the time of his arrest, defendant Henry was in possession of a D.C. driver's license bearing his photograph but identifying him as James Earl Wise.

On November 20, 2006, pursuant to a plea agreement, defendant Henry pled guilty in this case to count one of a two count indictment, which count charged him with being an alien in the United States, on or about July 14, 2006, after having been deported and following a conviction for an aggravated felony, specifically, the March 4, 2002 conviction in 00-cr-424.  Under the terms of the plea agreement, defendant Henry agreed not to

---

[1] The complainant in the Virginia matter appears to be the same woman who submitted a letter to the Court dated November 20, 2006.

oppose revocation of his probation in 00-cr-424, and his probation was revoked.

### The Plea Agreement, and the Relevant Statutes and Sentencing Guideline Provisions

Pursuant to 8 U.S.C. § 1326 and 18 U.S.C. §§ 3571 and 3583, the defendant faces a statutory maximum prison term of 20 years, followed by a period of supervised release of up to three years, and a maximum fine of $250,000, for the illegal re-entry conviction in this case. Pursuant to 18 U.S.C. §§ 3571 and 3583 and 21 U.S.C. § 841, he faces a statutory maximum prison term of life, a period of supervised release of up to five years, and a fine of up to $4 million upon re-sentencing in 00-cr-424.

Under the terms of the plea agreement, the parties have agreed to allocute only for a sentence within the applicable guideline ranges in this case and in 00-cr-424.[2] The government agrees with the Pre-sentence Report that the defendant faces a guideline range of imprisonment of 30 to 37 months, followed by a guideline range of supervised release of two to three years, and a guideline fine of $5000 to $50,000, all allowing for a three-level downward adjustment for acceptance of responsibility,[3] in

---

[2]The government has also agreed to dismiss the second count of the indictment in this case at the time of sentencing, and not to prosecute the defendant further with respect to the circumstances of the illegal re-entry or to bring new charges with respect to the seizure of marijuana on July 14, 2006.

[3]Under the terms of the plea agreement, the government's agreement to the full three-level credit for acceptance of

this case. The government further agrees with the PSR that the defendant faces a guideline range of imprisonment of 6 to 12 months upon re-sentencing in 00-cr-424.

### The Appropriate Sentence

The government believes that a sentence of 30 months in prison for the illegal re-entry violation in this case, followed by a sentence of 6 months in prison in 00-cr-424 is appropriate. The government's recommendation is driven in part by the considerations that led the government to move at the original sentencing in this case for a sentence less than the mandatory minimum, as well as the defendant's apparent motivation to return to the United States to help care for his ill son. A sentence below these ranges would be inappropriate, considering that the defendant was in possession of fraudulent identification when he was arrested last July, and considering his commission of multiple violations of the conditions of his probation in 00-cr-424.

Although the Guidelines appear to allow a sentence of imprisonment in 00-cr-424 to be met in part through community confinement or home detention, see U.S.S.G. § 7B1.3(c), the government believes such a sentence would be inappropriate in

---

responsibility is conditioned on the defendant's behavior between the time of the guilty plea in this case and the time of sentencing. As of this writing, the government knows of no reason why defendant Henry should not get the full three-level credit.

light of the defendant's repeated history of violating the terms of his probation, as well as the fact that such a sentencing option is not sanctioned by the Guidelines with respect to the sentence to be imposed in this case.  Moreover, the sentences of imprisonment should be served consecutively, as required by the Sentencing Guidelines, to convey to the defendant that he has committed two distinct criminal violations by returning to this country.

In addition, he should be ordered to serve a three-year period of supervised release in this case, a special condition of which should be once again that, if deported, he not re-enter the United States illegally.  The Guidelines do not appear to require that the defendant serve a period of supervised release in 00-cr-424 and the government does not believe one is necessary.

The government takes no position as to any fine to be imposed.  There is, however, a mandatory special assessment of $100 for the violation in this case, pursuant to 18 U.S.C. § 3013.

```
                Respectfully submitted,

                JEFFREY A. TAYLOR
                UNITED STATES ATTORNEY


                        /s/
        by:     _____
                Michael C. Liebman
                Assistant United States Attorney
                D.C. Bar No. 479562
                555 Fourth Street, N.W., room 4231
                Washington, D.C.  20530
                353-2385
                michael.liebman@usdoj.gov
```